UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14093-CIV-MARTINEZ/LYNCH

PATRICIA LYNN HUNT, individually and
on behalf of all similarly situated
aviation students,

     Plaintiff,

v.

KEY BANK USA, N.A., KEY EDUCATIONAL RESOURCES,
a division of Key Bank USA, N.A., GREAT LAKES
EDUCATIONAL LOAN SERVICES, INC., a Wisconsin
Corp., HUDSON VALLEY COMMUNITY COLLEGE;
ARI BEN AVIATOR, INC., MICHAEL E. COHEN, MICHAEL
COHEN INVESTMENTS, INC.,

     Defendants.



FILED by _____ D.C.

AUG 1 0 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

_____/

<u>REPORT AND RECOMMENDATION ON
DEFENDANTS, MICHAEL COHEN, MICHAEL COHEN INVESTMENTS, INC., AND
ARI BEN AVIATOR, INC.'S MOTIONS TO DISMISS OR STRIKE OR FOR MORE
DEFINITE STATEMENT (DE 20, 21 & 22)
AND ON
DEFENDANTS, KEY BANK USA, N.A., KEY EDUCATION RESOURCES, AND
GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.'S JOINT MOTION TO
DISMISS (DE 23)</u>

     **THIS CAUSE** comes before this Court upon the above Motions.
Having reviewed the Motions, noting that the Plaintiff did not
respond despite being given additional time to do so, this Court
recommends as follows:

     1.    The allegations in the Plaintiff's Complaint, which she
presents in narrative form, recount her course of study at the
Ari Ben Aviator, Inc. flight school. The Plaintiff matriculated

there in June 2003, and the flight school promoted Key Bank Educational Loans for financing tuition costs. The Plaintiff reports two problems in obtaining these student loans: First, Key Bank Educational Loans came across incorrect information that the Plaintiff was in default on a prior student loan. The Plaintiff avers that eighteen years earlier, she had attended Hudson Valley Community College in Troy, New York. She had paid off that student loan during the summer when she quit school there, and she received no notice of any non-payment. (The Plaintiff avers further that Hudson Valley Community College has been a source of many mistaken default notices). In any event, with the help of two Congressmen, the mistake was corrected, and the Plaintiff began her flight school training. Second, the Plaintiff objects to the fact that (1) Key Bank paid the student loan money directly to the school instead of to her personally and (2) Key Bank paid the tuition fees all up front and not through installments. For purposes of this ruling, this Court will refer to these Defendants collectively as the Key Bank Defendants.

2.    The other subject of the Plaintiff's Complaint concerns her study at the flight school. The Plaintiff alleges that while at flight school, she discovered numerous wrongdoings, and the Federal Aviation Administration was either complicit in or unresponsive to them. The flight school refused a full refund of her tuition fees. In 2005, despite these problems, the Plaintiff

asked for a new tuition contract. Defendant Michael Cohen is alleged to be an owner of Ari Ben Aviator, Inc., but apart from that relationship, the Plaintiff raises no allegation of wrongdoing by Michael Cohen or Cohen Investments, Inc., much less a basis for going beyond the flight school's separate corporate identity. Therefore, for purposes of these Defendants, this Court will refer simply to the flight school.

3.    The Plaintiff then injured herself, necessitating the need for ground school. The Plaintiff alleges that the flight school made no accommodations, but instead in 2006 expelled her because of her injuries. The flight school kept the student loan disbursements despite failing to provide an education. As a further consequence, the Plaintiff did not become a pilot, lost an opportunity working as a pilot for a wealthy family for whom she was providing nanny services, and suffered damage to her credit rating.

4.    Beyond this narration, the Plaintiff raises no clear claim for relief or redressable harm. With respect to the Key Bank Defendants, the one alleged mistake successfully was corrected, and the Plaintiff was able to attend the flight school. The Plaintiff identifies no errors in the loan disbursement, itself, or how the Key Bank Defendants posted incorrect information to her credit report. Construing the Complaint broadly and giving the Plaintiff the benefit of the

doubt, the focus of her grievance concerns the flight school more, either for breach of contract or possibly mishandling her student loan disbursements.

5.   The Plaintiff's request for indigency status was granted, and on her behalf this Court effected service of process on the revised list of Defendants to the addresses that she gave for them. Summons were returned executed as to all of the named Defendants except for Hudson Valley Community College. The served Defendants now move to dismiss the Plaintiff's Complaint for failure to state a claim and for lack of jurisdiction. In addition, the Key Bank Defendants allege improper venue citing the forum selection cause of the parties' loan agreement. This Court reviews their arguments below.

## DISCUSSION

The proper place to begin is with the jurisdictional arguments. Jurisdictional concerns must be addressed first, see Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th cir. 2003), and indeed a court is obliged, itself, to test whether it enjoys jurisdiction over a case before it, see Rule 12(h)(3). This is because federal courts are courts of limited subject matter jurisdiction who are empowered to hear only those cases assigned to it by Congress. See Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Because the Defendants' arguments take the form of a "facial attack" on jurisdiction,

this Court must accept the Plaintiff's allegations as true and afford her the safeguards provided under Rule 12(b)(6). <u>See</u> <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 925, n.5 (11th Cir. 2003), <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir. 1990). The Plaintiff nevertheless carries the burden of demonstrating the presence of jurisdiction. <u>See</u> <u>Rosner v. U.S.</u>, 231 F.Supp.2d 1202, 1205 (S.D. Fla. 2002).

Federal jurisdiction is present either when there is a question of federal law, <u>see</u> 28 U.S.C. § 1331, or when the parties have diverse citizenship, <u>see</u> 28 U.S.C. § 1332. As noted above, the Plaintiff raises no clear claim for relief. That is, the Plaintiff does not state what law or right was violated resulting in personal, redressable harm to her. It follows therefrom that the Plaintiff states no violation of federal law and the allegations suggest at best a breach of contract claim which arises under state law. Consequently this Court sees no basis for finding federal subject matter jurisdiction. <u>See</u> <u>Dunlap</u> <u>v. G&L Holding Group, Inc.</u>, 381 F.3d 1285, 1289-90 (11th Cir. 2004). Nor does the Complaint support jurisdiction by virtue of diverse citizenship. First, the principal Defendant, Ari Ben Aviator, Inc., is a Florida corporation. <u>See</u> 28 U.S.C. 1441 (b) (requiring complete diversity meaning that no defendant can be a citizen of the state where the action is pending). Secondly, the Plaintiff does not state an amount in controversy exceeding the

Page 5 of  7

required $75,000 minimum.

Moreover this Court sees no need to give the Plaintiff leave to amend her Complaint. First it is not apparent that under these facts the Plaintiff cannot state a better jurisdictional basis. Cf. <u>Silva v. Bieluch</u>, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (advising that after a Rule 12(b)(6) dismissal, courts should give plaintiffs at least one opportunity to amend their claims if it appears that they can better state a claim for relief). Second, dismissal of the Complaint will result in practical benefit to the Plaintiff. In effect it will give her the extended stay that she repeatedly has sought in order to further develop her case, and it will allow her to re-evaluate which courts, e.g., Florida or Ohio state courts, would provide a more appropriate forum in which to bring suit against the various Defendants.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendants' Motions to Dismiss be **GRANTED, in part,** and the Plaintiff's Complaint should be dismissed for lack of jurisdiction. Lacking jurisdiction, this Court refrains from considering the Defendants' various arguments brought under Rule 12(b)(6) that the Plaintiff fails to state a claim for relief.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States

District Judge assigned to this case.

   **DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this
/0th day of August, 2009.

                                    _____
                                    FRANK J. LYNCH, JR.
                                    UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
     Michael K. Spotts, Esq.
     Scott A. Burr, Esq.

     Patricia Hunt, pro se
     1806 35th Ave.
     Vero Beach, FL 32960